IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-2717 (BAH) |
| | ) |
| EMORY A. ROUNDS, III, Director | ) |
| U.S. Office of Government Ethics, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Emory A. Rounds, III, in his official capacity as Director of the U.S. Office of Government Ethics and through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

**First Defense**

Plaintiff failed to exhaust her administrative remedies as to any claims that predate December 29, 2017.

**Second Defense**

The Complaint fails to state a claim against Defendant for which relief may be granted.

**Third Defense**

The unnumbered paragraphs of the Complaint state legal conclusions and Plaintiff's characterizations of her own claims, to which no response is required. To the extent a response is deemed required, the paragraphs are denied.

Defendant responds to the numbered paragraphs in the Complaint as follows:

1. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, the paragraph is denied.

2. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, the paragraph is denied.

3. Defendant admits the first sentence of this paragraph. Defendant admits the second sentence of this paragraph to the extent that Plaintiff was employed with the Office of Government Ethics (OGE) within the Program Review Branch as a GS-9 Program Analyst. Defendant denies Plaintiff was constructively discharged in August 2018.

4. Admitted.

5. Denied.

6. Defendant admits the first and second sentences in this paragraph. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the second sentence.

7. Defendant admits that OGE is a small federal agency with oversight over the ethics programs of executive branch federal agencies. The remainder of this paragraph is denied.

8. Defendant admits the first sentence in this paragraph, except denies that PRB Supervisor Chapman held a supervisory role for less than one year when Plaintiff began working for him. As to the second sentence, Defendant admits that Plaintiff directly reported to PRB Supervisor Chapman. The remainder of the second sentence is denied.

9. Defendant admits the first, second, third, fourth and fifth sentences of this paragraph. As to the sixth sentence, Defendant admits that Deputy Director Christopher was the direct supervisor of PRB Supervisor Chapman. The remainder of this sentence is denied.

10. Admitted.

11. Defendant admits that Plaintiff is a Black-Mixed Heritage Female over the age of 40, and as such, is a member of more than one protected class. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff has a disabling condition.

12. Denied.

13. Defendant admits that Plaintiff started work at OGE on January 9, 2017, in PRB. The remainder of this paragraph is denied.

14. Defendant admits the first sentence of this paragraph. Defendant neither admits nor denies the remainder of this paragraph. As to the associated footnote, Defendant denies sentences one and two. Defendant is without sufficient knowledge or information to form a belief as to the truth of sentence three of the footnote.

15. Defendant admits the first sentence to the extent that Plaintiff volunteered for the ethics agreement tracking assignment, but denies the remainder of that sentence and paragraph.

16. Denied.

17. Defendant admits that Plaintiff successfully performed financial disclosure reviews on seven annual reports of presidential appointees as part of her duties as a Program Analyst. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of this paragraph as FDB Supervisor Dan Skalla no longer works at OGE.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant admits that PRB Supervisor Chapman assigned Plaintiff a work task on or about April 17, 2017. Defendant admits that at that time, PRB supervisor Chapman and Deputy Director Christopher each had approximately 20 years of experience in ethics at OGE and that Walter Schaub was then OGE's Director. The remainder of the first sentence is denied.

The second and third sentences are denied. Defendant is without sufficient knowledge or information to form a belief as to the truth of the fourth and fifth sentences.

20. Admitted.

21. Admitted.

22. Defendant admits the first sentence to the extent that OGE's performance appraisal system was Pass/Fail and that Plaintiff received a rating of Pass. The remainder of the first sentence is denied. The second sentence is admitted.

23. Admitted.

24. Defendant admits that Plaintiff attended the field pairing and shadowing assignments that PRB supervisor Chapman assigned to her as a Program Analyst. The remainder of this paragraph is denied.

25. Defendant neither admits nor denies the truth of this paragraph as it is not clear what meetings Plaintiff is referring to.

26. Defendant admits that Plaintiff never received a negative written performance evaluation during her employment at OGE.

27. Denied.

28. Defendant admits that on or about January 9, 2018, Plaintiff had completed her 52-week period at the GS-9 level. The remainder of the paragraph is denied.

29. Defendant admits that Plaintiff was not promoted to the GS-11 grade level as of January 9, 2018. Defendant admits that other PRB employees were promoted after working approximately a year at a lower grade level, based on their performance. The remainder of this paragraph is denied.

30. Defendant admits that Plaintiff was not promoted to GS-11 on January 9, 2018, and that other PRB employees were promoted after serving approximately a year at a lower grade level, based on their performance. The remainder of this paragraph is denied.

31. Defendant admits receiving a summary of an EEO investigation on or about November 6, 2017, that identified Plaintiff as a supporting witness for a colleague's EEO complaint against PRB Supervisor Chapman. Defendant denies the remainder of the paragraph. As to the associated footnote, Defendant admits the first sentence. The remainder of the footnote is denied.

32. Defendant admits that on or about November 7, 2017, Plaintiff met with Deputy Director Christopher about her work and PRB Supervisor Chapman. The remainder of the first sentence is denied. Defendant admits the second sentence to the extent that Deputy Director Christopher did not initiate an investigation after his meeting with Plaintiff. Defendant denies that PRB Supervisor Chapman engaged in abusive behavior towards Plaintiff or that such behavior continued after Deputy Director Christopher's meeting with Plaintiff. The remainder of the second sentence consists of a legal conclusion to which no response is required. To the extent a response may be deemed required, the remainder of the second sentence is denied.

33. The first sentence in this paragraph is denied, except that Defendant admits that PRB Supervisor Chapman did not promote Plaintiff to GS-11 during this time frame. The second sentence consists of a legal conclusion to which no response is required, but to the extent a response may be required, it is denied. The third sentence is admitted as to Plaintiff's sending a written request to PRB Supervisor Chapman that he provide her the status of her promotion by the close of business. Defendant denies that Plaintiff's communication, as characterized in this sentence, was equivalent to how PRB Supervisor Chapman routinely communicated with her.

Defendant admits the fourth sentence. Defendant admits the fifth sentence to the extent that after receiving the email from Plaintiff, Deputy Director Christopher called Plaintiff and PRB Supervisor Chapman into his office for a meeting. The remainder of that sentence is denied. Defendant denies the sixth sentence.

34. Defendant admits that after the February 22, 2018 meeting, Plaintiff never returned to work at OGE. The remainder of this paragraph is denied.

## COUNT I

**Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act o1964, *as amended*, ("Title V")**
**42 U.S.C. 2000e, *et seq.***
**Race, Sex, Disparate Treatment**

35. Defendant incorporates by reference his responses to paragraphs 1 through 34.

36. Admitted.

37. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, it is admitted only that as a federal employee, Plaintiff was covered by Title VII. The Court is respectfully referred to Title VII for complete and accurate statement of its contents.

38. This paragraph consists of a recitation of the law to which no response is required. To the extent a response if deemed required, the Court is respectfully referred to Title VII for complete and accurate statement of its contents.

39. Denied.

40. This paragraph consists of legal conclusions to which no response is required. To the extent that a response if deemed required, it is denied.

41. This paragraph consists of legal conclusions to which no response it required. To the extent a response may be deemed required, it is denied.

## COUNT II

**Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964,** *as amended,* **("Title VII")**
**42 U.S.C. 2000e et seq.**
**Retaliation: Reprisal for Engaging in Legally Protected Activities**

42. Defendant incorporates by reference his responses to paragraphs 1 through 41.

43. Admitted.

44. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, it is admitted only that as a federal employee, Plaintiff was covered by Title VII. The Court is respectfully referred to Title VII for complete and accurate statement of its contents.

45. This paragraph consists of a recitation of the law to which no response is required. To the extent a response if deemed required, the Court is respectfully referred to Title VII for complete and accurate statement of its contents..

46. Defendant admits receiving a summary of an EEO investigation on or about November 6, 2017, that identified Plaintiff as a supporting witness for a colleague's EEO complaint against PRB Supervisor Chapman. Defendant denies the remainder of the paragraph. As to the associated footnote, Defendant admits the first sentence. The remainder of the footnote is denied.

47. Defendant admits that on or about November 7, 2017, Plaintiff met with Deputy Director Christopher about her work and PRB Supervisor Chapman. The remainder of the first sentence is denied. Defendant admits the second sentence to the extent that Deputy Director Christopher did not initiate an investigation after his meeting with Plaintiff. Defendant denies that PRB Supervisor Chapman engaged in abusive behavior towards Plaintiff or that such

7

behavior continued after Deputy Director Christopher's meeting with Plaintiff. The remainder of the second sentence consists of a legal conclusion to which no response is required. To the extent a response may be deemed required, the remainder of the second sentence is denied.

48.     The first sentence in this paragraph is denied, except that Defendant admits that PRB Supervisor Chapman did not promote Plaintiff to GS-11 during this time frame. The second sentence consists of a legal conclusion to which no response is required, but to the extent a response may be required, it is denied. The third sentence is admitted as to Plaintiff's sending a written request to PRB Supervisor Chapman that he provide her the status of her promotion by the close of business on February 22, 2018. Defendant denies that Plaintiff's communication, as characterized in this sentence, was equivalent to how PRB Supervisor Chapman routinely communicated with her. Defendant admits the fourth sentence. Defendant admits the fifth sentence to the extent that after receiving the email from Plaintiff, Deputy Director Christopher called Plaintiff and PRB Supervisor Chapman into his office for a meeting. The remainder of that sentence is denied. Defendant denies the sixth sentence.

49.     This paragraph consists of a legal conclusion to which no response it required. To the extent that a response is deemed required, it is denied.

50.     This paragraph consists of a legal conclusions to which no response it required. To the extent that a response if deemed required, it is denied.

### COUNT III

**Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, ("Title VII)**
**42 U.S.C. 200e, et seq.**
**Hostile and Abusive Work Environment**
**Constructive Discharge**

51.     Defendant incorporates by reference his responses to paragraphs 1 through 50.

52. Admitted.

53. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, it is admitted that as a federal employee, Plaintiff was covered by Title VII. The Court is respectfully referred to Title VII for complete and accurate statement of its contents.

54. This paragraph consists of a recitation of the law to which no response is required. To the extent a response if deemed required, The Court is respectfully referred to Title VII for complete and accurate statement of its contents.

55. Defendant denies the allegations contained in this paragraph.

56. This paragraph consists of Plaintiff's characterization of her claims to which no response is required. To the extent a response is deemed required, it is denied.

## COUNT IV

**Unlawful Employment Discrimination in Violation of the Age Discrimination in Employment Act
29 .S.C. 621, et seq.**

57. Defendant incorporates by reference his responses to paragraphs 1 through 56.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT V

**Unlawful Employment Discrimination in Violation of the Rehabilitation Act of 1973,** *as amended*
**29 U.S.C. 701, et seq.**

62. Defendant incorporates by reference his responses to paragraphs 1 through 61.

63. Admitted.

64. Defendant admits that Plaintiff indicated she had a gastrointestinal condition during her employment at OGE. The remainder of this paragraph is denied.

65. Defendant admits that during her employment, Plaintiff performed her duties without an accommodation. The remainder of this paragraph is denied.

66. Denied.

67. Denied.

### Prayer For Relief

The remaining paragraphs in the Complaint constitute Plaintiff's prayer for relief to which no response is necessary. To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Defendant denies any and all other allegations set forth in the Complaint not otherwise admitted or qualified above.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

***

Dated: March 23, 2023
Washington, DC

        Respectfully submitted,

        MATTHEW M. GRAVES, D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division


By:        /s/ L'Shaunteé J. Robertson
        L'SHAUNTEE J. ROBERTSON, D.C. Bar #980248
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-1729

*Attorneys for the United States of America*