IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>Plaintiff,<br><br>v.<br><br>EMORY A. ROUNDS, III<br>Director, Office of Government Ethics<br><br>Defendant. | CIVIL ACTION NO: 1:22-cv-02717-BAH |

**JOINT MEET AND CONFER REPORT**

Pursuant to Federal Rule of Civil Procedure 26, Local Civil Rule 16, and this Court's Standing Order, the Parties have conferred and now submit this Joint Meet and Confer Report:

A. **Statement of the Case**

**Plaintiff's Statement**: After exhausting all administrative remedies to resolve this dispute, Plaintiff Abbott is suing the Office of Government Ethics (OGE) for its refusal to promote her despite her qualifying job performance, experience, and education. Ms. Abbott contends OGE unlawfully discriminated against her on the bases of: race (Black-Mixed Heritage), sex (Female), age (Over 40), retaliation/reprisal, and perceived disability resulting in her constructive discharge from the Agency. This Court has subject matter jurisdiction over this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. Venue is proper under 42 U.S.C. § 2000e-5(f)(3) because OGE employed the Plaintiff at its principal office in the District of Columbia, OGE's unlawful employment decisions against the Plaintiff occurred in this judicial district, and OGE maintains the Plaintiff's employment records in this judicial district.

**Defendant's Statement**: Defendant, Emory Rounds, III acknowledges that the Court has subject matter jurisdiction over the Complaint and that venue is proper in the District of Columbia. As to the merits, Defendant contends that Plaintiff failed to timely raise certain of her claims in the administrative process. Accordingly, she has failed to exhaust her administrative remedies as to such claims and they should be dismissed for failure to state a claim upon which relief can be granted. Defendant intends to file a Motion to Dismiss in the near future on the failure to exhaust arguments. As to Plaintiff's remaining claims, Defendant contends that Plaintiff was not subjected to unlawful discrimination or harassment on any basis, and that she is not entitled to relief of any kind.

### B. Local Civil Rule 16.3(c) Matters

1. **Dispositive Motions:** Plaintiff will be able to make this determination after the Discovery period is concluded. Defendant intends to file a motion to dismiss certain of Plaintiff's claims based on her failure to exhaust her administrative remedies. Defendant further contends that he intends to file a Motion for Summary Judgement after discovery has been completed, which would, if granted, dispose of this case in its entirety.

2. **Amended Pleadings:** At this time, Plaintiff cannot determine whether some or all the factual and legal issues in this action can be narrowed but will continue to assess these matters during the pendency of this case. Plaintiff is not opposed to disclosing joinder of parties/amendment of pleadings determinations pursuant to Defendant's request. Defendant does not anticipate joining any other parties to this litigation or amending his Answer. If Plaintiff anticipates joining parties or amending pleadings, it is requested that she be ordered to do so no

later than 45 days before the end of discovery. Defendant is unaware whether any factual or legal issues can be agreed upon or narrowed at this time but will be in a better position to make an assessment after discovery is completed.

3. **Assignment to a magistrate judge**: The Parties do not consent to assignment of a magistrate judge.

4. **Settlement Possibility**: Defendant states that he declined mediation during the administrative processing of Plaintiff's Equal Employment Opportunity (EEO) Complaint because she declined to indicate what kind of relief she would be seeking in a settlement. While still unaware of Plaintiff's settlement position, Defendant is not opposed to participating in Alternative Dispute Resolution. Plaintiff construed Defendant's opposition to settlement talks during administrative proceedings demonstrated this case could not realistically be settled. However, if as stated here, Defendant is not actually opposed, Plaintiff is open to engaging in settlement discussions subject to eligibility and stay of these proceedings for that purpose. Plaintiff has enumerated, with specificity and in substantial similarity to prior proceedings, her position for resolution of these claims in the Prayer for Relief of her Complaint. Electronic Case Filing (ECF) No. 1.

5. **Alternative Dispute Resolution Procedures:** Defendant states that he declined to participate in mediation during the administrative processing of Plaintiff's Equal Employment Opportunity (EEO) Complaint because Plaintiff declined to indicate what kind of relief she was seeking. While still unaware of Plaintiff's settlement position, Defendant is not opposed to trying to reach an amicable settlement. Plaintiff believed, based on the Defendant's posture during the administrative proceedings preceding this action, this case would not benefit from referral to ADR. However, if Defendant is not actually opposed, Plaintiff is not either, subject to eligibility and stay

of these proceedings. To that end, Plaintiff's settlement position is enumerated, with specificity, in the Prayer for Relief of her Complaint. ECF No. 1.

6. **Resolution by Summary Judgment or Dispositive Motions**: The Plaintiff believes there is sufficient evidence for this matter to survive a potential motion for summary judgment or motion to dismiss by the Defendant. Defendant contends that the entire case can be resolved through a motion to dismiss and/or a motion for summary judgment at close of discovery. The Parties propose that any summary judgment motions be due 60 days after the close of discovery; any opposition is due 60 days afterwards; and any reply is due 30 days later. The Parties propose that the decision on summary judgment be made as is consistent with the Court's calendar.

7. **Initial Disclosures**: Defendant contends that detailed initial disclosures are not necessary because this case, which is identical to Plaintiff's EEO Complaint, was investigated thoroughly in the administrative process and both Parties are in possession of the administrative record. Nevertheless, Defendant does not object to providing the required initial disclosures. The Plaintiff is not requesting the Parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Plaintiff disagrees with Defendant's description of the administrative record, asserting instead the record is materially incomplete – based on a fundamentally flawed investigation and proceedings that did not resolve a critical Agency conflict of interest that severely constrained the Plaintiff's discovery/recording of relevant evidence and evidence submission.

8. **Discovery:** The Parties propose 180 calendar days to conduct and complete discovery in this case. Initial disclosures, if any, will be due 30 days after the Court's scheduling order. Plaintiff requests that Discovery begin in conjunction with initial disclosures. Defendant proposes that Discovery commence at the time of the Court's scheduling order. Defendant proposes the Parties comply with the presumptive limits set forth in Rules 30, 33 and 34 of the

Federal Rules of Civil Procedure. Defendant further proposes the Parties follow the Federal Rules of Civil Procedure with respect to the number of depositions (10) and interrogatories (25). Additionally, Defendant proposes the Parties will follow the Federal Rules of Civil Procedure with respect to requests for the production of documents (no limitation), and requests for admissions (no limitation). Defendant expects the Parties to stipulate to a reasonable protective order that limits the use of personal information and private medical and financial information to this litigation. Defendant further adds that he may seek a Privacy Act Protective Order to prevent unlawful disclosure and dissemination of sensitive personnel and other information about other agency employees.

      9.      **Electronically Stored Information (ESI):**  Plaintiff anticipates this case might require some discovery of ESI. During Plaintiff's employment with Defendant, electronic mail was only active for 90 days initially and then, later during Plaintiff's employment, electronic mail was only active for 180 days. Additionally, the Records Manager role at OGE was not staffed consistently during Plaintiff's tenure. For those reasons, Plaintiff requests that the Court order all records pertaining to Plaintiff's employment with and employment discrimination claims against the Defendant be preserved, if this has not yet occurred, since adversarial proceedings began in 2018. Plaintiff sought assurances like these from the Defendant prior to this lawsuit being filed, but OGE did not respond to those requests. Because the Parties diverge on Discovery and evidentiary record matters, Plaintiff acknowledges Defendant's ESI proposals, below, but does not expressly agree to them at this time.

Defendant disagrees with Plaintiff's recitation, and states that he has preserved information about Plaintiff's employment and claims and is prepared to participate in discovery. In addition, the administrative record of Plaintiff's EEO Complaint contains much documentary evidence that

is pertinent to Plaintiff's claims, and which has been preserved. Defendant expects that Plaintiff will abide by her obligation to also preserve evidence and to timely produce it when requested to do so in the discovery process. Defendant believes that any disputes that arise about information sought in discovery by either party can and should be resolved through the normal discovery process.

Defendant proposes the following:

A. All discovery requests for ESI will be limited to production requests, not inspection requests, which shall be presumed to be unreasonably burdensome under Rule 26(b)(2)(C).

B. In accordance with Rule 26(b)(2)(B), parties will produce the responsive and legally discoverable ESI that the producing party determines is reasonably accessible. Generally, data will be considered reasonably accessible if it is contained in active online data computer systems or offline storage/archives that are labeled and stored. To the extent requests are made for ESI that is not reasonably accessible, to include restoration of data from backup tape drives, the requesting party will pay for recovery and production costs, except that the producing party will pay for costs of screening for relevance and privilege.

C. Responses to requests for production of ESI in native file format need not include metadata or system data, unless specifically requested.

D. The parties agree to enter into an agreed protective order pursuant to Rule 26(c) with regard to any ESI that contains Privacy Act protected data, personal or private information about present or past employees, business

    sensitive information about a party's business activities and operations, and third party business sensitive or proprietary information to include confidential business information covered by 12 C.F.R. 404.7.

E. All ESI sought by any party is subject to the rules on discovery scope and limitations provided in Rule 26(b).

F. In accordance with Rule 26(b)(5)(B), if information is produced in discovery that is subject to a claim of privilege by any party, the party making the claim must notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return the specified information and any copies it has and may not use or disclose the information. Failure of a party to properly designate privileged, Privacy Act, private or personal information, privileged information or business confidential, business sensitive or business proprietary information when produced shall not be deemed to constitute a waiver of the protected nature of the document or information.

G. Both parties agree that no copies will be made of the inadvertently disclosed materials.

10. **Experts:** Plaintiff expects expert witness participation in this case, if it exists at all, to be limited and does not anticipate requesting modification of Federal Rule of Civil Procedure 26(a)(2) at this time. Defendant requests that any expert witness to be designated pursuant to Fed. R. Civ. P. 26(a)(2), be identified 90 days before the close of fact discovery.

11. **Class Action:** Not Applicable.

12. **Bifurcation of Discovery or Trial:**  The Parties do not believe that this matter should be bifurcated.

13. **Proposed Date for the Pretrial Conference**: The Parties agree that the pretrial conference, if necessary, be set 60 days after all dispositive motions have been resolved.

14. **Trial Date:** The Parties agree that a trial date should be set at the pretrial conference.

15. **Other Matters:**  None at this time.

**********

The Parties hereby certify that all items required to be discussed by Rule 26(f) and LCvR 16.3(c) were addressed.

Dated: April 24, 2023                                 Respectfully submitted,

*/s/ Elaine Abbott*                                          MATTHEW M. GRAVES, D.C. Bar #481052
ELAINE ABBOTT                                        United States Attorney
Plaintiff, Appearing *Pro Se*
discriminationlawsuitvoge                        BRIAN P. HUDAK
@protonmail.com                                       Chief, Civil Division

*/s/ L'Shaunteé J. Robertson*
L'SHAUNTEE J. ROBERTSON,
D.C. BAR # 980248
Assistant United States Attorney
601 D. Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 252-1729
Attorneys for Defendant

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>      Plaintiff,<br><br>    v.<br><br>EMORY A. ROUNDS, III<br>Director, Office of Government Ethics<br><br>      Defendant. | CIVIL ACTION NO: 1:22-cv-02717-BAH |

## **[PROPOSED] INITIAL SCHEDULING ORDER**

The Court, having considered the Joint Report of the Parties, enters the following Scheduling Order in this matter:

Any dispositive motion is due 60 days from the close of discovery;

Any opposition is due 60 days thereafter; and

Any reply is due 30 days later.

Discovery shall be conducted as specified in the Parties' 16.3 report.

SO ORDERED

Dated: _____        _____
                                                                                             Beryl A. Howell
                                                                                             United States District Court Judge