UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>      Plaintiff,<br><br>v.<br><br>EMORY A. ROUNDS, III<br>Director, Office of Government Ethics<br><br>      Defendant. | CIVIL ACTION NO: 1:22-cv-02717-BAH |

### PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Elaine Abbott, *Pro Se*, presents Initial Disclosures in this case pursuant to Federal Rule of Civil Procedure 26(a) as follows:

**I.** **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the Disclosing Party may use to support its claims or defenses unless the use would be solely for impeachment.**

    A. Individuals, other than the Plaintiff, likely to have discoverable information in this case:

1. Douglas Chapman
2. Dale "Chip" Christopher
3. Nelson Cabrera, Esquire
4. Elizabeth Horton, Esquire
5. Dan Skalla
6. Grace Clark
7. Cheryl Kane-Piasecki
8. Christy Chatham
9. Alicia Rosado
10. Yvette Banker, Esquire
11. Diana Veilleux, Esquire
12. Dave Apol, Esquire
13. Walter Shaub, Esquire

1

    14. Representatives of the Bureau of the Fiscal Service

B. Notes:

1. This list is preliminary, not exhaustive.
2. These individuals have information pertaining to the facts and circumstances related to Plaintiff's employment with and/or discrimination claims against Defendant. Plaintiff has personal knowledge of the full scope of the aforementioned.

II. **A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the Disclosing Party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

    A. Plaintiff expects to utilize the following in support of her claims:

1. Documents in the Administrative Record including, but not limited to, the Report of Investigation;
2. Documents submitted to the Equal Employment Opportunity Commission and/or the Defendant during the Administrative Process;
3. Contemporaneous documentation of events pertaining to Plaintiff's claims; and
4. Documents obtained from third/other parties during Discovery.

III. **A computation of each category of damages claimed by the Disclosing Party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered.**

    **Plaintiff is seeking[1]:**

| | |
|---|---|
| **Back Pay:** | To Be Determined (Covering @ 2/2018 - 8/2021) |
| **Front Pay:** | To Be Determined (Covering @8/2021 -        ) |
| **Compensatory Damages:** | $300,000 |
| **Attorney's Fees:** | $14,868.75 (Limited Scope Engagement @7/2022-8/2022) |

---

[1] Back and Front Pay are listed as "To Be Determined" because there are too many variables to give a proper estimate. For instance, Plaintiff has three different records of earnings from Defendant for the year 2018. Further, Plaintiff's lost wages estimate and/or earnings offset fall into a range or vary within the year for 2018, 2021, 2022, and 2023.

**IV.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not Applicable.

\* \* \* \*

In accordance with Federal Rule of Civil Procedure 26(e), Plaintiff may supplement, correct, amend, or otherwise update these Disclosures.

Dated: May 24, 2023              Respectfully submitted,

*/s/ Elaine Abbott*
Elaine Abbott
Plaintiff, Appearing *Pro Se*
Email: discriminationlawsuitvoge@protonmail.com