UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>    Plaintiff,<br><br>    v.<br><br>SHELLEY FINLAYSON<br>Acting Director, Office of Government Ethics<br><br>    Defendant. | Civil Action No: 22-2717 (BAH) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Shelley Finlayson, through the undersigned counsel, hereby answers Plaintiff's Amended Complaint. The unnumbered paragraphs of the Amended Complaint state legal conclusions and Plaintiff's characterizations of her own claims, to which no response is required. To the extent a response is deemed required, the paragraphs are denied. Defendant responds to the Amended Complaint as follows:

### JURISDICTION

1. Defendant admits that this Court has subject matter jurisdiction.

### VENUE

2. Defendant admits that venue is proper within this judicial district.

### THE PARTIES

3. Defendant admits the first sentence of this paragraph. Defendant admits the second sentence of this paragraph to the extent that Plaintiff was employed with the Office of Government Ethics (OGE) within the Program Review Branch (PRB) as a GS-9 Program Analyst. Defendant denies Plaintiff was constructively discharged.

4.     Admitted.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Denied.

### FACTS

6.     Defendant admits the first and second sentences in this paragraph. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the second sentence.

7.     Defendant lacks sufficient knowledge or information to form a belief as to whether this paragraph accurately describes Plaintiff's education and career progression.

8.     Defendant lacks sufficient knowledge or information to form a belief as to whether this paragraph accurately describes Plaintiff's career progression.

9.     Defendant lacks sufficient knowledge or information to form a belief as to whether this paragraph accurately describes Plaintiff's education and career progression, or performance history with other employers.

10.    Defendant lacks sufficient knowledge or information to form a belief as to whether this paragraph accurately describes Plaintiff's career progression, job duties or job performance with other employers.

11.    Defendant lacks sufficient knowledge or information to form a belief as to whether this paragraph accurately describes Plaintiff's education.

12.    Defendant admits that when Plaintiff was selected to work at OGE-PRB, she had relevant work experience for the position for which she was hired. As to the remainder of the paragraph, Defendant lacks knowledge or information to form a belief as to whether it accurately describes Plaintiff's education.

13. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff successfully worked for several supervisors and managers with different management styles and varying degrees of likeability in approximately six or seven federal agencies.

14. This paragraph consists of a recitation of the law to which no response is required. To the extent a response is deemed required, the Court is respectfully referred to the cited statutory provisions for a complete and accurate statement of their contents.

15. This paragraph and the associated footnote consist of a recitation of the law to which no response is required. To the extent that a response is required, Defendant denies that it retaliated against the Plaintiff.

16. This paragraph states conclusions of law and consists of a recitation of legal and regulatory requirements to which no response is required. To the extent a response is deemed required, the Court is respectfully referred to the cited authorities for a complete and accurate statement of their contents.

17. This paragraph states conclusions of law and consists of a recitation of regulatory requirements to which no response is required. To the extent a response is deemed required, the Court is respectfully referred to the cited regulation for complete and accurate statement of its contents.

18. This paragraph and its associated footnote consist of a recitation of the Equal Employment Opportunity Commission's (EEOC) Management Directive 715 to which no response is required. To the extent a response is deemed required, the Court is respectfully referred to the EEOC's Management Directive 715 for complete and accurate statement of its contents.

19. This paragraph consists of a recitation of OGE's anti-harassment policy to which no response is required. To the extent a response is deemed required, the Court is respectfully referred to the OGE's anti-harassment policy for a complete and accurate statement of its contents.

20. Deny. As to the associated footnote, Defendant is unable to admit or deny the truthfulness of the electronic articles' contents.

21. Admitted.

22. Admitted.

23. Defendant admits the first and second sentences in this paragraph. As to the third sentence, Defendant admits only that Supervisor Chapman was designated for identification purposes as the "Responsible Management Official One" in the record of investigation of Plaintiff's administrative EEO Complaint. The remainder of the sentence is denied.

24. Admitted.

25. Defendant admits the first and second sentences of this paragraph. As to the third sentence, Defendant admits only that Supervisor Christopher was designated for identification purposes as "Responsible Management Official Two" in the record of investigation of Plaintiff's administrative EEO Complaint. The remainder of the sentence is denied.

26. Admitted.

27. Defendant admits that Plaintiff is a Black-Mixed Heritage Female over the age of 40, and as such, is a member of more than one protected class. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff has a disabling condition.

28. Denied.

29. Defendant admits that Plaintiff started work at OGE on January 9, 2017, in PRB. The remainder of this paragraph is denied.

30. Defendant admits only the first sentence of this paragraph. Defendant denies for want of information sentence two of this paragraph.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph but to the extent a response is required, it is denied..

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph but to the extent a response is required, it is denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph but to the extent a response is required, it is denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph but to the extent a response is required, it is denied.

35. Defendant admits only that Plaintiff volunteered for the ethics agreement tracking assignment but denies the remainder of this paragraph.

36. Defendant admits only that ethics agreement tracking is a mission critical assignment at OGE. As to the remainder of the paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertions but to the extent a response is required, they are denied.

37. Defendant admits only that PRB Supervisor Chapman assigned Plaintiff a work task on or about April 17, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the paragraph, but to the extent a response is required, it is denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, but to the extent a response is required, it is denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, but to the extent a response is required, it is denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph but to the extent a response is required, it is denied.

41. Defendant admits that Plaintiff never received a negative written evaluation during her employment at OGE for her overall performance.

42. Admitted.

43. Admitted.

44. Defendant admits the first sentence of this paragraph to the extent that Plaintiff received a "Pass" on her annual performance appraisal on or about September 17, 2017. The remainder of that sentence is denied. Defendant admits the second sentence of this paragraph and states that the appraisal speaks for itself and is the best evidence of its' contents.

45. Defendant admits only the first sentence of this paragraph and denies the remainder of this paragraph.

46. Defendant admits only that on or about January 9, 2018, Plaintiff completed a 52-week period working at the GS-9 level. The remainder of this paragraph is denied.

47. Defendant admits that Plaintiff was not promoted to the GS-11 grade level as of January 9, 2018. Defendant denies the remainder of this paragraph.

48. Defendant admits only that Supervisor Chapman and Deputy Director Christopher have been named as responsible management officials in three administrative EEO Complaints filed against OGE, including the Plaintiff's complaint. The remainder of this paragraph is denied.

49. Denied.

50. Defendant respectfully refers the Court to the reference Federal law and mandates for a true and complete statement of their contents and denies any allegations inconsistent therewith as pertains to the first sentence of Paragraph 51. The remainder of this paragraph is denied.

## CLAIM I

### Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act o1964, *as amended*, ("Title VII")
### 42 U.S.C. section 2000e, et seq
### Race, Sex, Disparate Treatment

51. Defendant incorporates by reference her responses to paragraphs 1 through 51.

52. Admitted.

53. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant admits only that as a federal employee, Plaintiff was covered by Title VII. The Court is respectfully referred to Title VII for a complete and accurate statement of its contents.

54. This paragraph consists of a recitation of the law to which no response is required. To the extent a response is deemed required, the Defendant denies that it has violated Title VII and respectfully refers the Court to Title VII for a complete and accurate statement of its contents.

55. Defendant denies the first sentence of this paragraph. Defendant denies the second sentence of this paragraph, and admits only that Plaintiff was not immediately promoted to a GS-11 at her first eligibility. The remainder of sentence two is denied. The remainder of this paragraph is denied.

56. This paragraph consists of a legal conclusion to which no response is required but to the extent a response is required, it is denied.

57.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, it is denied.

## COUNT II

**Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended,* ("Title VII")**
**42 .S.C. section 2000e et seq.**

**Retaliation: Reprisal for Engaging in Legally Protected Activities**

59.     Defendant incorporates by reference her responses to paragraphs 1 through 58.

60.     Admitted.

61.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that as a federal employee, Plaintiff was covered by Title VII.  The Court is respectfully referred to Title VII for a complete and accurate statement of its contents.

62.     Defendant admits only that an OGE employee received a summary of an EEO investigation on or about November 6, 2017, that identified Plaintiff as a supporting witness for a colleague's EEO complaint against PRB Supervisor Chapman. Defendant denies the remainder of this paragraph.

63.     Defendant admits only that on or about November 7, 2017, Plaintiff met with Deputy Director Christopher about her work and PRB Supervisor Chapman. The remainder of the first sentence is denied. Defendant denies the second, third and fourth sentences. As to the fifth sentence Defendant admits only that Deputy Director Christopher did not initiate an investigation after his meeting with Plaintiff and denies the balance of the sentence.

64.     The first sentence in this paragraph is denied, except that Defendant admits only that PRB Supervisor Chapman did not promote Plaintiff to GS-11 during this time frame. The second sentence consists of a legal conclusion to which no response is required, but to the extent

a response may be required, it is denied. The third sentence is admitted as to Plaintiff's sending a written request to PRB Supervisor Chapman that he provide her the status of her promotion by the close of business on February 22, 2018. Defendant denies that Plaintiff's communication, as characterized in this sentence, was equivalent to how PRB Supervisor Chapman routinely communicated with her. Defendant admits that Plaintiff made the assertion described in the fourth sentence.

65. Defendant admits only that Deputy Director Christopher ordered Plaintiff and Supervisor Chapman to attend a meeting about her written request regarding her nonpromotion. The remainder of this paragraph is denied.

66. Defendant admits only that Plaintiff crafted an email after the meeting, which she shared with PRB Management. The remainder of this paragraph is denied.

67. Denied.

68. Denied.

## CLAIM III

**Unlawful Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, ("Title VII)
42 U.S.C. 200e, et seq.
Hostile and Abusive Work Environment**

**Constructive Discharge**

69. Defendant incorporates by reference her responses to paragraphs 1 through 69.

70. Admitted.

71. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, it is admitted that as a federal employee, Plaintiff was covered by Title VII. The Court is respectfully referred to Title VII for a complete and accurate statement of its contents.

72. This paragraph consists of a recitation of the law to which no response is required. To the extent a response is deemed required, The Court is respectfully referred to Title VII for a complete and accurate statement of its contents. Defendant further denies that it violated Title VII.

73. Denied.

74. This paragraph consists of Plaintiff's characterization of her claims to which no response is required. To the extent a response is deemed required, it is denied.

### COUNT IV

**Unlawful Employment Discrimination in Violation of the Age Discrimination in Employment Act
29 .S.C. 621, et seq.**

75. Defendant incorporates by reference her responses to paragraphs 1 through 75.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

### COUNT V

**Unlawful Employment Discrimination in Violation of the Rehabilitation Act of 1973, *as amended*
29 U.S.C. 701, *et seq.***

80. Defendant incorporates by reference her responses to paragraphs 1 through 80.

81. Admitted.

82. Defendant admits that Plaintiff indicated she had a gastrointestinal condition during her employment at OGE. The remainder of this paragraph is denied.

83. Defendant admits only that during her employment, Plaintiff performed her duties without an accommodation. The remainder of this paragraph is denied.

84. Denied.

85. Denied.

**Prayer For Relief**

The remaining paragraphs in the Amended Complaint constitute Plaintiff's prayer for relief to which no response is required. To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Defendant denies any and all other allegations set forth in the Amended Complaint not otherwise admitted or qualified above.

**First Defense**

Plaintiff failed to exhaust her administrative remedies as to any claims that predate December 29, 2017.

**Second Defense**

The Complaint fails to state a claim against Defendant for which relief may be granted.

**Third Defense**

Plaintiff has failed to exhaust her administrative remedies as to any claims that Defendant failed to maintain a compliant Equal Employment Opportunity Program (EEO) program or failed to abide by its EEO policies with regard to Plaintiff.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant prays for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

Dated: October 9, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:        /s/ L'Shaunteé J. Robertson
    L'SHAUNTEE J. ROBERTSON
    D.C. BAR # 980248
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-1729

*Attorneys for the United States of America*