UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>    Plaintiff,<br><br>v.<br><br>SHELLEY FINLAYSON, Acting Director<br>U.S. Office of Government Ethics<br><br>    Defendant. | CIVIL ACTION NO: 1:22-cv-02717-BAH |

### PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 7(b), Plaintiff, appearing *Pro Se*, moves the Court to modify its November 27, 2023, Scheduling Order by granting the Parties a 30-day period to conform Discovery responses to the Court's February 6, 2024, entry of a Protective Order in this case. As of this filing:

1. Discovery in this case closed on January 24, 2024.

2. On February 6, 2024, the Court entered the Protective Order (ECF No. 25) in this case resolving an impasse between the Parties.

3. This past week, Plaintiff found a tranche of handwritten notes that can supplement her responses to Defendant's Discovery requests. To do so, however, requires time-consuming color, document size, and position correction to the handwritten notes[1], their integration into existing responsive paper documents, protective designation (as appropriate), and digitization before they are transmitted to the Defendant.

---

[1] There will be no alteration to the substance of the handwritten notes.

As required by Local Civil Rule 7(m), Plaintiff conferred with the Defendant via electronic mail regarding these matters on February 8, 9, and 12, 2024. Defendant, through its counsel, agreed to a 30-day period for the Parties to update and comport Discovery responses as described above but opposes modifying the Court's Scheduling Order to account for that adjustment. Discovery did not occur in the administrative proceedings preceding this lawsuit. Therefore, the document compilation and preparation issues Plaintiff is experiencing due to this past week's discovery of responsive documents and the February 6, 2024, entry of a Protective Order in this case are quite recent. Plaintiff's Motion seeks to allow both Parties reasonably sufficient time to prepare and review updated Discovery responses in order to comply with the remaining Scheduling Order provisions in a fulsome manner. Plaintiff's proposed modifications to the Court's existing Scheduling Order are as follows:

| **February 13, 2024 - March 13, 2024:** 30-day period for Parties to supplement, make appropriate privacy protection designations, and transmit updated Discovery responses. ||
|---|---|
| **Court's Scheduling Order (11/27/2023 Minute Order)** | **Proposed Modifications to the Court's Scheduling Order** |
| **January 24, 2024:** Joint Status Report advising the Court whether: (a) the Parties request a stay of proceedings and referral to mediation; or (b) the Parties anticipate filing dispositive motions. | **April 2, 2024:** Joint Status Report advising the Court whether: (a) the Parties request a stay of proceedings and referral to mediation; or (b) the Parties anticipate filing dispositive motions. |
| **March 22, 2024:** Any dispositive motions due. | **June 3, 2024:** Any dispositive motions due. |
| **April 26, 2024:** Any oppositions due. | **July 8, 2024:** Any oppositions due. |
| **May 24, 2024:** Replies due. | **August 7, 2024:** Replies due. |

Defendant previously requested three extensions – two to file an Answer to Plaintiff's original and amended Complaints and one to enlarge the Discovery period. The Parties jointly requested a two-month extension of the Discovery period and briefing schedule. This is the Plaintiff's first request to modify the Scheduling Order in this case. The convergence of the existing Scheduling Order's January 24, 2024, close of Discovery with the timeframe that the Court resolved the Parties' Protective Order dispute on February 6, 2024, may have resulted in an inadvertent failure to comply with the Court's four-day rule for extension requests as delineated in its Standing Order for this case. If so, Plaintiff regrets that error and nonetheless respectfully petitions the Court to countenance this Motion which is filed for good cause as enumerated above, in good faith, and without purpose of undue delay but rather in the interest of substantively facilitating the resolution of this matter. Even though due dates will be extended in this case, the Parties should not suffer prejudice by granting this Motion.

If the Court is not amenable to this Motion, Plaintiff anticipates filing a future request to extend time to comply with the provisions of the Court's existing Scheduling Order. A proposed Order is attached.

Dated: February 12, 2024            Respectfully Submitted,

*/s/ Elaine Abbott*
Elaine Abbott
Plaintiff, Appearing *Pro Se*
Email: discriminationlawsuitvoge@protonmail.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>    Plaintiff,<br><br>  v.<br><br>SHELLEY FINLAYSON, Acting Director<br>U.S. Office of Government Ethics<br><br>    Defendant. | CIVIL ACTION NO: 1:22-cv-02717-BAH |

### [PROPOSED] ORDER

Upon consideration of the Plaintiff's Motion to Modify the Scheduling Order, and for good cause shown, pursuant to the entire record herein, it is hereby,

ORDERED that the Motion to Modify is GRANTED; and it is further

ORDERED that the Scheduling Order is modified as follows:

    April 2, 2024:    Joint Status Report due.

    June 3, 2024:    Any Dispositive Motions due.

    July 8, 2024:    Any Oppositions due.

    August 7, 2024:    Replies due.

SO ORDERED:

DATE: _____

                                              BERYL A. HOWELL
                                              United States District Judge