UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT<br><br>    Plaintiff,<br><br>  v.<br><br>SHELLEY FINLAYSON, Acting Director<br>U.S. Office of Government Ethics<br><br>    Defendant. | Civil Action No. 22-02717 (BAH) |

## JOINT STATUS REPORT

Pursuant to the Court's March 15, 2024, Minute Order, the Parties have conferred and now respectfully submit the following Joint Status Report in this case.

**Defendant's Representations**

The Court issued an Order on March 15, 2024 referring this case to mediation and appointing pro bono counsel to Plaintiff for the limited purpose of assisting in the resolution of this case through mediation. *See* Mar. 15, 2024 Minute Order; *see also* ECF No. 30. On that day, the Court also instructed Plaintiff to read and sign the "Notice of Acknowledgment of Appointment of Counsel for the Limited Purpose of Mediation" that was attached to the Order, and to file a signed copy with the Court. ECF No. 30 at 1. The Court further ordered that mediation would commence once counsel has entered an appearance on behalf of plaintiff. *Id.* Plaintiff complied with the Court's instruction to acknowledge appointment of counsel on May 12. With the exception of Plaintiff's May 12 acknowledgement, no other actions have been taken with regard to resolution of this matter since the Court's referral of this case to mediation. Based upon a check

1

of the docket in this case, pro bono counsel has not yet entered an appearance for Plaintiff, and thus mediation has not yet commenced.

Moreover, as of this report, Defendant still has not received Plaintiff's discovery responses. Defendant first noted its inability to access Plaintiff's discovery responses in Defendant's March 15, 2024 "Notice In response to Court Order," ECF No. 29. Specifically, Defendant represented that at 11:57 p.m. on March 14, Plaintiff had emailed undersigned defense counsel a link to a file sharing system, purporting to contain Plaintiff's discovery responses, but that Plaintiff's link had expired by the next afternoon before defense counsel could access it. *See* ECF No. 29, at 3. Defendant's subsequent efforts to obtain usable access to Plaintiff's discovery responses have been unsuccessful. Without Plaintiff's discovery responses, Defendant is unable to assess its case, and thereby meaningfully engage in mediation.[1]

Undersigned defense counsel continues to attempt to resolve this issue with Plaintiff. Specifically, undersigned defense counsel has requested that Plaintiff provide usable access to her discovery responses by May 30, and suggested alternative methods by which Plaintiff can do so, in lieu of a Defense motion to compel discovery. Despite being provided with a means to upload her responses to Defense counsel's file sharing system—the same system through which Defendant provided its responses to Plaintiff—Plaintiff has represented that she intends to re-send her discovery responses by May 30, using the same system Defendant has been unable to access.

---

[1] Defendant has completed its responses to Plaintiff's multiple discovery requests, providing Plaintiff approximately 2,000 pages of documents and answers to interrogatories and requests for admission.

Defendant proposes that the Parties file a further Report within 15 days after the close of mediation, to apprise the Court of the status of mediation, whether any disputes remain between the parties and, if so, proposing a schedule to govern further proceedings.

**Plaintiff's Representations**

Plaintiff Abbott filed a "Notice of Acknowledgement of Appointment of Counsel for the Limited Purpose of Mediation" on May 12, 2024, after reaching agreement for representation pursuant to this Court's mediation referral. After Plaintiff's Counsel files a Notice of Appearance and a mediator is appointed, mediation proceedings will be scheduled.

In the interest of providing a Joint Status Report, Plaintiff agrees to Defendant's proposal to submit a future Joint Status Report in the timeframe the Defendant sets forth.

However, Plaintiff disputes Defendant's contentions and characterizations regarding Plaintiff's March 13, 2024, substantive Discovery responses. In fact, today is the first time Defendant's counsel made these representations to the Plaintiff. If necessary, Plaintiff Abbott will submit evidence to the Court to dispute the Defendant's representations. Plaintiff would instead prefer to simply re-send the Discovery responses through the "ShareFile" mechanism she already utilized. "ShareFile" tracking records show that the Defendant's representatives successfully accessed Plaintiff's Discovery records in March, 2024.

| | |
|---|---|
| Dated: May 15, 2024 | Respectfully submitted, |
| | |
| */s/ Elaine Abbott* | MATTHEW M. GRAVES, D.C. Bar #481052 |
| ELAINE ABBOTT | United States Attorney |
| Plaintiff, Appearing *Pro Se* | |
| discriminationlawsuitvoge<br>@protonmail.com | BRIAN P. HUDAK<br>Chief, Civil Division |
| | |
| | /s/ *L'Shaunteé J. Robertson* |
| |    L'SHAUNTEE J. ROBERTSON, |
| |    D.C. BAR # 980248 |
| |    Assistant United States Attorney |
| |    601 D Street, N.W. |
| |    Washington, D.C. 20530 |
| |    Phone: (202) 252-1729 |
| |    lshauntee.robertson@usdoj.gov |
| | |
| | *Attorneys for the United States* |