**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELAINE ABBOTT,<br><br>               Plaintiff,<br><br>       v.<br><br>SHELLEY FINLAYSON, *Acting Director, U.S. Office of Government Ethics*,<br><br>               Defendant. | Civil Action No. 22-2717 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se*, filed her complaint in August 2022, *see* Compl., ECF No. 1, and her amended complaint in September 2023, *see* ECF No. 16, alleging violations of Title VII, *id.* ¶¶ 51-74, the Age Discrimination in Employment Act, *id.* ¶¶ 75-79, and the Rehabilitation Act of 1973, *id.* ¶¶ 80-85. After the filing, on March 23, 2023, of defendant's answer to plaintiff's first complaint, *see* Answer, ECF No. 12, discovery proceeded from April 24, 2023, until January 24, 2024, *see* Min. Orders (Nov. 27, 2023, and April 24, 2024). After discovery closed and an unsuccessful mediation, *see* Joint Status Report, ECF No. 34, defendant moved, in September 2024, for summary judgment, *see* Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 35, to which plaintiff's response was originally due on October 4, 2024, but after she was granted two extensions, *see* Min. Orders (Oct. 1 and Nov. 13, 2024) (granting Pl.'s Mots. for Extension of Time, ECF Nos. 36, 37), was due on November 22, 2024. Instead of filing any response directed at the arguments in the pending summary judgment motion, plaintiff filed the instant motion seeking to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d). Pl.'s Mot. to Reopen Discovery ("Pl.'s Mot."), ECF No. 38. For the reasons stated below, plaintiff's motion is denied.

1

I.  **BACKGROUND**

Plaintiff, a self-described Black, Mixed-Heritage woman over the age of 40 with a gastrointestinal condition, was a career federal employee with the United States Office of Government Ethics until she decided not to return to work in February of 2018.  Amend. Compl. ¶¶ 3, 6, 26, 74, 82.  During her employment, she reported to two White men, and served as a supporting witness for a colleague's Equal Employment Opportunity ("EEO") complaint against one of them.  *Id.* ¶¶ 23-24, 62-63.  Plaintiff alleges that after her participation in the EEO complaint process became known to her employer, she was subject to discrimination, retaliation, and a hostile work environment, including being denied a promotion from the GS-9 to GS-11 and being subjected to "berating" from her supervisor that left her "mentally distraught, crying, and physically sick with stress and fear."  *Id.* ¶¶ 63-66.

In response to defendant's motion for summary judgment on all counts, *see* Def.'s Mot. at 1, plaintiff has sought to reopen discovery, pursuant to Rule 56(d), *see* Pl.'s Mot.

II.  **DISCUSSION**

The purpose of Rule 56(d) "is . . . to ensure that the non-moving party isn't 'railroaded by a premature motion for summary judgment.'"  *United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 880 F. Supp. 2d 36, 41 (D.D.C. 2012), *aff'd*, 764 F.3d 19 (D.C. Cir. 2014).  To receive relief under Rule 56(d), a plaintiff must submit an affidavit that satisfies three criteria. *See Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012).  The plaintiff's declaration, first, "must outline the particular facts [the movant] intends to discover and describe why those facts are necessary to the litigation," *id.*; second, "must explain 'why [the movant] could not produce [the facts] in opposition to the motion [for summary judgment],'" *id.* at 99-100 (second and third alterations in original) (quoting *Carpenter v. Fed. Nat'l Mortg. Ass'n*, 174

F.3d 231, 237 (D.C. Cir. 1999)); and, finally, "must show the information is in fact discoverable," *id.* at 100.

Nothing about the pending motion for summary judgment is "premature," given the ample time supplied to the parties to complete discovery. Additionally, without opining on whether plaintiff's affidavit satisfies the first prong—though even plaintiff acknowledges that she posed requests "as broadly as possible," including for time periods before and after she left defendant's employ, Pl.'s Mot. at 11, which would be of questionable relevance to the litigation—this affidavit fails to meet the second and third prongs. "The second criterion requires a Rule 56(d) movant to explain why he failed to get the requested discovery earlier." *Thomas v. Moreland*, No. 18-cv-800 (TJK), 2023 WL 11199295, at *7 (D.D.C. Nov. 6, 2023). Plaintiff has not explained why the requested discovery she now seeks could not have been pursued earlier. Indeed, discovery opened in this case nineteen months ago, and plaintiff specifically describes receiving responses to all of her over 100 propounded discovery requests within the discovery period in January 2024. Pl.'s Mot. at 14-15. Furthermore, plaintiff states that she wants to "follow up with Defendant" regarding documents she received nearly five months ago, on June 15, 2024, in response to a request under the Freedom of Information Act ("FOIA). Pl.'s Mot. at 19. While she argues that responses to her discovery and FOIA requests were unsatisfactory, *see* Pl.'s Mot. at 14-19, she fails to justify why she did not seek a modification of the discovery schedule or file a motion to compel in a timely manner. *See, e.g., Thomas*, 2023 WL 11199295, at *7, *7 n.5 (collecting authority and denying Rule 56(d) motion because it was "untimely" and "[b]oth parties had ample opportunity to conduct full discovery").

Even if plaintiff's instant request were not untimely, it cannot "trump[] the [other] requirements outlined in *Convertino*." *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 880 F.

Supp. 2d 36, 41 (D.D.C. 2012), *aff'd*, 764 F.3d 19 (D.C. Cir. 2014).  Specifically, under the third prong of *Convertino*, "'conclusory allegations,' 'mere speculation' of evidence not yet discovered,' or the movant's 'hope that additional discovery will create questions of fact' all fail to satisfy the movant's burden." *Thomas*, 2023 WL 11199295, at *7 (quoting *Morales v. Humphrey*, 309 F.R.D. 44, 48 (D.D.C. 2015)).  Plaintiff's arguments are just that.  First, plaintiff speculates that further discovery will somehow clarify discrepancies she perceives in documents already produced in discovery.  *See* Pl.'s Mot. at 6-9.  What plaintiff perceives as discrepancies, however, may just be arguments that disputes of material fact exist, potentially precluding summary judgment—not that additional discovery will clarify the record.  Second, plaintiff argues that defendant's responses to her discovery requests were insufficient, and that additional discovery will effectively help prove her case.  Pl.'s Mot. at 10-14, 16-18.  That does not mean that the information sought in those requests, as evident from defendant's objections, *see id.* at 16-18, is relevant to her claims.  Third, plaintiff attempts to argue that certain information she sought via her discovery requests "is discoverable" because she received some heavily redacted documents in response to her FOIA request, Pl.'s Mot. at 19-20, but she fails to grapple with the reality that the laws, procedures, and processes governing FOIA are different than those governing discovery in civil litigation, *see generally Baldrige v. Shapiro*, 455 U.S. 345 (1982); DAVID I. LEVINE, USING THE FREEDOM OF INFORMATION ACT AS A DISCOVERY DEVICE, 36 BUS. L. 45 (1980).  Without sufficient details, plaintiff is seeking additional discovery for discovery's sake and has "not demonstrated that the information [she] seek[s] is in fact discoverable." *Serv. Emps. Int'l Union Nat'l Ind. Pension Fund v. Castle Hill Health Care Provs., LLC*, 312 F.R.D. 678, 685 (D.D.C. 2015).

Plaintiff will be granted, *sua sponte*, a third extension for the filing of any opposition to defendant's pending motion for summary judgment.

### III.   CONCLUSION AND ORDER

For the reasons stated above, plaintiff has not met her burden under Rule 56(d). Accordingly, it is hereby—

**ORDERED** that plaintiff Elaine Abbott's Motion to Reopen Discovery, ECF No. 38, is **DENIED**; it is further

**ORDERED** that plaintiff is **DIRECTED** to file her opposition to defendant's summary judgment motion by December 16, 2024, and defendant is **DIRECTED** to file any reply to plaintiff's opposition by December 27, 2024.

Date:  December 3, 2024

_____
**BERYL A. HOWELL**
United States District Judge